ÁNGEL L. SANTIAGO AGRICOURT, Plaintiff and Appellant, *v.* URBAN RENEWAL AND HOUSING CORPORATION, Defendant and Appellee.

No. R-63-251.     Decided September 29, 1964.

*Demetrio Fernández Quiñones* and *Raimundo Suárez Lazú* for appellant. *José R. Vélez Torres, José M. Cabrera Deetjen,* and *Eugenio Ramos Ortiz* for appellee.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

The juridical facts which in some way are pertinent in the decision of this case are the following: On September 10, 1962, Antonio Alvarado Rivera, Associate Director for Administration of the Urban Renewal and Housing Corporation of Puerto Rico, wrote the following letter to Ángel Luis Santiago Agricourt, plaintiff-appellant herein: "The

rules governing this Corporation provide that the unauthorized absence for five days or more shall be just cause for unappealable automatic removal, since such absence is considered dereliction of service. You are absent from work without authorization since August 13, 1962. Pursuant to the aforementioned provision, you are hereby removed from office effective as of the date hereof."

Although the removal in this case was made in pursuance of a "Manual of Norms and Guides for the Administration of Personnel" adopted on August 8, 1962, by the Board of Directors of the Urban Renewal and Housing Corporation of Puerto Rico, the terms of the removal are consistent with the provisions of § 647–202 of the Rules of Personnel in General—3 R.&R.P.R., p. 68, which provides: "Each employee who is absent from his work for five (5) consecutive days without authorization from the appointing authority shall be guilty of dereliction of service. Such dereliction of service shall be just cause for the appointing authority to suspend or dismiss the employee."

In his petition for mandamus before the Superior Court of Puerto Rico, San Juan Part, plaintiff, appellant herein, alleged as a question of law that at the time of his removal he held the office of Accountant II in the office of the Urban Renewal and Housing Corporation of Puerto Rico in the ward of Sabana Llana, of Río Piedras, Puerto Rico, was a regular employee of that Corporation, and according to § VI of the Manual of Norms and Guides he could be removed only by the Executive Director of the Corporation after preferment of charges. He further alleged, as a matter of fact, that he did not commit the violation charged in the letter of removal. Defendant, appellee herein, answered that the Executive Director has power to delegate some of his duties, and pursuant to that power he delegated to the Associate Director for Administration everything concerning removals, alleging on the contrary that appellant was an employee

in the Exempt Service, and according to the Administrative Manual he could be removed automatically for unauthorized absence of five days or more. Appellee further alleged that appellant was guilty of the violation charged in the letter of removal.

After reception of certain documentary evidence, the trial court made the following findings: "From Exhibit I of plaintiff and the second averment of the answer to the complaint it appears that plaintiff's removal was made by the Associate Director for Administration, Antonio Alvarado Rivera. The Manual of Norms and Guides for the Administration of Personnel adopted by virtue of resolution No. 62-149, which in its § II authorizes the Executive Director to prepare and adopt rules to effectuate the norms governing the Administration of Personnel of defendant agency, provides in § VI, letter 'C,' guide (a), that 'only the Executive Director may remove employees of the Corporation.' Defendant has admitted the second averment of the complaint in the sense that plaintiff was until September 10, 1962, Accountant II of defendant's office. If this is correct, the Executive Director of defendant could not delegate the power to remove employees, as alleged by defendant in its answer."

In view of these findings, the trial court ordered the Executive Director of the Urban Renewal and Housing Corporation of Puerto Rico to reinstate plaintiff in his office of Accountant II within a period of 10 days, if this judgment should become final, notwithstanding which, if the Corporation should be of the opinion that there is just cause for removing plaintiff for the violation charged in the letter of September 10, 1962, it may proceed to remove him, through its Executive Director, pursuant to the provisions of the Regulation of Norms and Guides for the Administration of Personnel of defendant.

Feeling aggrieved by that order, appellant alleges that in ordering the employee's reinstatement based exclusively on the lack of power of the Associate Director for Administration to decree the removal, the trial court (1) did not pass upon the fundamental juridical question raised, which was the absolute violation of the due process of law; (2) did not pass upon the retroactive payment of the salaries which appellant failed to receive, in violation of the provisions of the Manual of Norms and Guides; and (3) did not impose payment of attorney's fees.

■ 1. The trial court was correct in holding that the Executive Director of the Urban Renewal and Housing Corporation of Puerto Rico is without power to delegate to another officer the power to remove a regular employee of the Corporation. Contrary to the power conferred to the Administrator of the Urban Renewal and Housing Administration of Puerto Rico—17 L.P.R.A. § 21(3) (Cum. Supp. 1963, p. 45)—in the sense that the functions of the Administration shall be performed by the Administrator, or, under his direction and control, by such officials, offices, or employees as he may designate, the direction of the Urban Renewal and Housing Corporation of Puerto Rico is entrusted exclusively to the Executive Director without direct power by law to delegate any of his powers to other officers, offices, or employees designated by him. Furthermore, it seems to be an institutional norm of our Government that any public employee guilty of a violation be removed by the appointing authority—see the provision on removal of regular officers or employees of the Competitive Service of the Act creating the Office of Personnel, 3 L.P.R.A. § 671, p. 594.

■ The trial court was correct in not considering the lack of due process of law as an unalterable question attached to a certain administrative proceeding, if at some

time during subsequent judicial review the petitioner had an opportunity to be heard and to present the evidence and the argument corresponding to the justice of his case. *Yakus v. United States*, 321 U.S. 414, 444 (Stone) (1944); 88 L.Ed. 834, 859. Furthermore, the fact that in this case the opportunity to be heard was not had at any time prior to judicial review was due to petitioner's own inaction in failing to resort to the Board of Appeals of appellee Corporation as soon as he received the letter of removal. The information contained in the letter of September 10, 1962 having been examined, there is no question that the same may be considered as the preferment of a charge for dereliction of work, without authorization, for more than five days, in violation of the norms established by the Board of Directors of the public, corporate and body politic which is the Urban Renewal and Housing Corporation of Puerto Rico.

■ 2–3. The payment of the salaries which appellant failed to receive and the imposition of costs and attorney's fees, if proper, would depend on any further orders which the trial court may enter directing that the charge against appellant be dropped, or on whether appellant should succeed in establishing before the Board of Appeals of appellee Corporation that the new charge to be preferred by the Executive Director is unjustified.

The judgment rendered by the Superior Court of Puerto Rico, San Juan Part, on September 3, 1963, will be affirmed.